**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Demetrio CRUZ–RAMIREZ,
Defendant–Appellant.**

No. 12–10589.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 21, 2014.*

Filed Jan. 24, 2014.

Heather Sechrist, Esquire, Assistant U.S., USTU–Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Rene Antonio Felix, R. Antonio Felix, Esq., Tucson, AZ, for Defendant–Appellant.

Before: CANBY, SILVERMAN, and PAEZ, Circuit Judges.

MEMORANDUM **

Demetrio Cruz–Ramirez appeals from the district court's judgment and challenges the 60–month sentence imposed following his jury-trial conviction for three counts of bringing in illegal aliens for private financial gain, in violation of 8 U.S.C. § 1324(a)(2)(B)(ii). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Cruz–Ramirez contends that the district court erred in calculating the Guidelines range on Counts One and Two and failed adequately to explain the upward variances on these counts. We review for plain error, *see United States v. Valencia–Barragan,* 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. Effective November 1, 2012, section 5G1.2(b) of the Sentencing Guidelines was amended to clarify that, when sentencing on multiple counts of conviction, "the court shall determine the total punishment and shall impose that total punishment on each [count]." U.S.S.G. § 5G1.2(b) (2012). We use an amendment to the Guidelines to interpret a Guidelines provision retroactively when it clarifies rather than alters the law. *See United States v. Catalan,* 701 F.3d 331, 333 (9th Cir.2012) (per curiam). Under the amended Guideline, the district court did not err in calculating the Guidelines range for Counts One and Two. *See* U.S.S.G. § 5G1.2 cmt. n. 3(B) (2012). Moreover, the concurrent 60–month sentences on Counts One and Two do not represent upward variances, and no further explanation of the sentence was required. *See Rita v. United States,* 551 U.S. 338, 356–57, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.